IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2002 AUG -7 A 11: 08

REDIN JAMES BAREFOOT, ET AL.  :

v.  :  Civil No. L-01-1877

UNITED STATES OF AMERICA  :

## ORDER

Now pending before the Court is Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment, and to Limit Damages. For the reasons stated below, Defendant's Motion is DENIED without prejudice.

Defendant's Motion makes the following three arguments:

(i) Plaintiffs' wrongful death claim is barred because Plaintiffs did not exhaust administrative remedies;

(ii) Plaintiffs' damages should be capped at $1.5 million; and

(iii) Plaintiffs' wrongful death claim should be dismissed in part because the administrator of a decedent's estate is not a proper party under Georgia's wrongful death statute, O.C.G.A. §§ 19-7-1, 51-4-4.

Defendant argues Plaintiffs did not exhaust administrative remedies with respect to their wrongful death claim. The claim form submitted to Defendant by Plaintiffs contains a box for the name of claimant and claimant's personal representatives. In this box, Plaintiffs typed "Redin James Barefoot and Tina Dillon, on behalf of Redin Karl Barefoot." Defendant argues that, because Plaintiffs only asserted a claim on behalf of the decedent, Redin Karl Barefoot, they failed to exhaust administrative remedies for any wrongful death claim brought by themselves, Redin James Barefoot and Tina Dillon.

The Court finds that the claim form put Defendant on sufficient notice of Plaintiffs' wrongful death claim, and should be read as asserting a claim on behalf of both Plaintiffs and the decedent. See Munger v. United States, 116 F. Supp. 2d 672, 676 (2000). Defendant cited Salberg v. United States, PJM-00-1407 in support of its argument. Salberg is readily distinguishable because that the claim form submitted in that case: (i) did not include the names of the parties that later filed the wrongful death claim; and (ii) listed the person who filled out the claim form as the "administrator."

Defendant cites case law that supports the limiting of Plaintiffs' damages to the $1.5 million total that Plaintiffs entered on the claim form. Defendant may refile this portion of its motion at the close of discovery. If Plaintiffs wish to claim damages over $1.5 million, they will need to present to the Court specific facts disclosed during discovery that make a material difference on Plaintiffs' assessment of damages.

Finally, Plaintiffs' Complaint is unclear as to which counts are filed on behalf of which parties. Accordingly, Plaintiffs shall submit a supplemental brief on or before August 23, 2002, that clarifies which claims are brought on behalf of which parties. Upon receipt of this supplemental brief, Defendant may renew its motion to dismiss on the grounds that the Complaint alleges claims on behalf of improper parties.

It is so ORDERED this 6th day of August, 2002.

Benson Everett Legg
United States District Judge